1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TERESA DANYELL MOTT,      )   Case No. EDCV 16-00694-JGB (DTB)

            Petitioner,   )

      vs.            )   ORDER TO SHOW CAUSE

D.K. JOHNSON, WARDEN,     )

            Respondent.  )

_____ )

On April 4, 2016,[1] petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein.  The Petition purports to be directed to petitioner's 2010 conviction in the San Bernardino County Superior Court, and raises four grounds for relief.  As it appeared to the Court that the Petition was untimely, on May 12, 2016, the Court issued an Order to Show Cause ordering petitioner to show cause in writing, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.  Petitioner failed

---

[1]     April 4, 2016 is the signature date and, thus, the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing. Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d). See also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings).

1   to file a response to the Order to Show Cause within the allotted time and on July 14,
2   2016, the Court issued a Report and Recommendation ("R&R") wherein it
3   recommended the dismissal of this action with prejudice as untimely.  On August 1,
4   2016, petitioner filed Objections ("Objections") to the R&R wherein she asserts a
5   claim of actual innocence.  The Court has considered petitioner's Objections.

6   In the Petition, petitioner alleging the following four grounds for relief:

7   1.   Petitioner was convicted by false allegations based on hearsay of two
8   convicted inmates that were victims in the underlying action.  (Pet. at 5.)

9   2.   Petitioner was improperly persuaded into a sentence of twenty six years.
10   (Pet. at 5.)

11   3.   Petitioner suffered cruel and unusual punishment in violation of her civil
12   rights under the Eighth Amendment of the Constitution.  (Pet. at 6.)

13   4.   Trial counsel rendered ineffective assistance by failing to have
14   petitioner's best interest.  (Pet. at 6.)

15

16   In its May 12, 2016 Order to Show Cause, as well as in the R&R, the Court
17   noted that the Petition herein is untimely, as it was filed on April 4, 2016, nearly five
18   years after the date on which the one-year limitations period under the Antiterrorism
19   and Effective Death Penalty Act of 1996 (the "AEDPA") expired, November 10,
20   2011.  (See R&R at 5.)

21   However, as the Court also noted previously, the United States Supreme Court
22   has held that the AEPDA limitations period can be equitably tolled in certain limited
23   circumstances, thereby allowing an otherwise untimely petition to be considered by
24   a federal habeas court.

25   In Holland v. Florida, - U.S. -, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130
26   (2010), the Supreme Court held that the AEDPA's one-year limitation period also is
27   subject to equitable tolling in appropriate cases.  However, in order to be entitled to
28   equitable tolling, the petitioner must show both that "(1) he has been pursuing his

2

rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter, 620 F.3d at 959 (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

The Court also notes in this regard that neither the lack of legal sophistication, nor the lack of legal training, nor the lack of legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period. See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant

equitable tolling); <u>Gazzeny v. Yates</u>, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); <u>Singletary v. Newland</u>, 2001 WL 1220738, at *2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance or external factor for purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not even provide a sufficient basis for equitable tolling."); <u>Ekenberg v. Lewis</u>, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); <u>Bolds v. Newland</u>, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); <u>see also</u> <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling). Moreover, it does not appear from the face of the Petition that petitioner was pursuing her rights diligently during the more than four years that transpired between the expiration of her limitations period and the filing of the Petition herein.

In her Objections, petitioner claims that she is innocent of the charges against her (<u>see</u> Objections at 4, 6), although she does not explicitly invoke the "actual innocence" exception to the AEDPA statute of limitations. In <u>McQuiggin v. Perkins</u>, - U.S.-, 133 S. Ct. 1924, 1931-33, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that a claim of actual innocence could be a basis for equitable tolling of the AEDPA limitations period, but, in order to invoke such a basis, a habeas petitioner must make a convincing showing of actual innocence under <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Under <u>Schlup</u>, 513 U.S. at 324, "such a claim [of actual innocence] requires petitioner to support [her] allegations of constitutional

1    error with new reliable evidence--whether it be exculpatory scientific evidence,
2    trustworthy eyewitness accounts, or critical physical evidence--that was not presented
3    at trial." Further, "the petitioner must show that it is more likely than not that no
4    reasonable juror would have convicted him in light of the new evidence." Id. at 327.

5         The Supreme Court has stressed that the exception is limited to "certain
6    exceptional cases involving a compelling claim of actual innocence." House v. Bell,
7    547 U.S. 518, 521, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006); see also Schlup, 513 U.S.
8    at 324 (noting that "experience has taught us that a substantial claim that
9    constitutional error has caused the conviction of an innocent person is extremely
10   rare"). Moreover, the Ninth Circuit has noted that, because of "the rarity of such
11   evidence, in virtually every case, the allegation of actual innocence has been
12   summarily rejected." Shumway v. Payne, 223 F.3d 982, 990 (9th Cir. 2000) (citing
13   Calderon v. Thomas, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998)).

14        In the few cases in which a federal habeas petitioner has been able to meet the
15   Schlup standard, the "new evidence" consisted of credible evidence that the petitioner
16   had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts
17   of the crime, DNA evidence excluding the petitioner and identifying another potential
18   perpetrator, a credible confession by a likely suspect explaining that he had framed
19   the petitioner, and/or evidence contradicting the very premise of the prosecutor's case
20   against the petitioner. See, e.g., House, 547 U.S. at 521, 528-29, 540, 548-54; Souter
21   v. Jones, 395 F.3d 577, 581-84, 591-92, 596 (6th Cir. 2005); Carriger v. Stewart, 132
22   F.3d 463, 465, 471, 478 (9th Cir. 1997); Lisker v. Knowles, 463 F. Supp. 2d 1008,
23   1018-28 (C.D. Cal. 2006); Garcia v. Portuondo, 334 F. Supp. 2d 446, 455-56
24   (S.D.N.Y. 2004); Schlup v. Delo, 912 F. Supp. 448, 451-55 (E.D. Mo. 1995).

25        Here, it appears that petitioner is basing her "actual innocence" claim on her
26   claim in Ground One that she was convicted based on false allegations of hearsay
27   made by two inmates who were victims in the underlying criminal activity. (Pet. at
28   4.) However, in order to obtain relief under the AEDPA limitations bar, petitioner

1    must establish her factual innocence of the crime, and not mere legal insufficiency.

2    See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828

3    (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003).

4         Accordingly, the Court will afford petitioner the opportunity to submit any

5    evidence she may have supporting her claim of factual innocence.

6         IT IS THEREFORE ORDERED that, on or before **September 16, 2016**,

7    petitioner shall submit to the Court any and all credible evidence supporting her claim

8    of factual innocence in furtherance of her claim to equitable tolling of the AEDPA

9    limitations period.  Her failure to support her claim in the manner required by the

10   authority as referenced herein will result in the Court's continued recommendation

11   of dismissal on the ground of untimeliness.

13   DATED: August 18, 2016

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6